Singh v. Sessions

BIA
Christensen, IJ
A200 945 869

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GURPREET SINGH,
> *Petitioner,*

> v.                                        16-2504
>                                           NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Karamvir Dahiya, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Jessica A.
                       Dawgert, Senior Litigation Counsel;
                       Allison Frayer, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a June 14, 2016, decision of the BIA affirming a June 11, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh,* No. A200 945 869 (B.I.A. June 14, 2016), *aff'g* No. A200 945 869 (Immig. Ct. N.Y. City June 11, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determinations under the substantial evidence standard); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009) (reviewing

2

constitutional claims de novo).

Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that Congress Party members attacked him in India on account of his membership in the Shiromani Akali Dal Mann.

The agency reasonably relied on Singh's inconsistent testimony regarding whether he had contemplated traveling to the United States prior to his alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. The IJ also reasonably relied on record inconsistencies regarding whether Singh broke his arm or dislocated his

3

shoulder, and whether he was hospitalized for two weeks. See 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Singh did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on inconsistencies between Singh's assertion that he was beaten twice in 2010, and affidavits from his father and village leader that those beatings took place in 2009. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Although a reasonable fact finder could have credited Singh's explanation that his father mistakenly recalled the date and provided the incorrect date to the village leader, the IJ was not compelled to credit this explanation: Singh testified that the village leader visited Singh in the hospital and accompanied Singh to the police station. *See Majidi*, 430 F.3d at 80.

Contrary to Singh's contention, the IJ did not fault him for failing to provide additional corroborating evidence, but

4

rather reasonably noted that the corroborating evidence he had submitted did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As discussed above, the affidavits from Singh's father and village leader and his medical certificate were inconsistent with his statements. Furthermore, a letter from Singh's political party omitted mention of the attacks Singh claimed to have suffered.

Given the inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Due Process Claim

Singh argues that his due process rights were violated because the interpreter at his hearing before the IJ spoke a different dialect. "To establish a violation of due process,

an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). Singh did not demonstrate that the translator deprived him a full and fair opportunity to present his claims.

At his hearing, Singh stated that he speaks and understands Punjabi best, and he never raised any difficulty understanding the interpreter. Singh has not identified any aspects of his testimony that were improperly translated, suggesting only that the transcript contains incomplete sentences reflecting a lack of communication. As support, Singh cites the IJ instructing the interpreter not to continue translating once an objection was sustained, the IJ asking whether the translator had said the number 13 or 30, the interpreter asking for a break to drink water, the interpreter asking for a question posed in English to be repeated, and an attorney asking whether the interpreter had said the word father. None of these examples casts doubt on the interpreter's translation of the substance of Singh's testimony.

Accordingly, because Singh did not complain about the translator at his hearing and does not identify any incorrectly

6

translated testimony, Singh fails to demonstrate that he was deprived of a fair hearing. *See id.* at 134.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk